IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES D. BECHER<br>4929 Hillbrook Lane, NW<br>Washington, DC 20016,<br><br>and<br><br>LINDA D. BECHER<br>4929 Hillbrook Lane, NW<br>Washington, DC 20016,<br><br>*Plaintiffs,*<br><br>v.<br><br>JAMES E. TYRRELL, JR.<br>46 Holton Lane<br>Essex Fells, NJ 07021<br><br>and<br><br>KATHLEEN ANITA TYRRELL<br>46 Holton Lane<br>Essex Fells, NJ 07021<br><br>*Defendants.* | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Charles D. Becher and Linda D. Becher, by and through their undersigned counsel, file this Complaint for Declaratory Judgment against Defendants James E. Tyrrell, Jr. and Kathleen Anita Tyrrell, and in support thereof, allege the following:

### INTRODUCTION

1. This is a declaratory judgment action seeking declaration that James E. Tyrrell, Jr. and Kathleen Anita Tyrrell have no contractual rights to purchase the residence owned by the

3232796v.5

Plaintiffs. Notwithstanding that there was never a signed contract, never a deposit paid, and no discussions of material terms, Mr. Tyrrell maintains he and his wife have a contractual right to purchase the Property as a result of several emails. As a direct and proximate result of his claim, insurers have declined to offer title insurance and the Bechers are now unable to sell their home to anyone else.

## THE PARTIES

2.Plaintiffs Charles D. Becher and Linda D. Becher (the "Bechers" or "Seller") are residents of the District of Columbia and are the owners of record of the property located at 4929 Hillbrook Lane, NW, Washington, DC 20016 (the "Property") and reside therein.

3.On information and belief, defendant James E. Tyrrell, Jr. ("Mr. Tyrrell") is a resident of the State of New Jersey, is an attorney, and resides at 46 Holton Lane, Essex Fells, New Jersey, 07021.

4.On information and belief, defendant Kathleen Anita Tyrrell is the wife of James E. Tyrrell, Jr., is a resident of the State of New Jersey and resides at 46 Holton Lane, Essex Fells, New Jersey, 07021.

## JURISDICTION AND VENUE

4.This Court has jurisdiction over the subject matter of these claims and has personal jurisdiction over the Defendants pursuant to 28 U.S.C. § 1332.

5.Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

6.The Bechers listed the Property, their residence, for sale with Susan Koehler ("Ms. Koehler"), an independent contractor functioning as a licensed real estate agent with the real estate brokerage, Washington Fine Properties located in the District of Columbia ("WFP").

7. Upon information and belief, on February 27, 2016, Mr. Tyrrell engaged Heidi Hatfield ("Ms. Hatfield"), also an independent contractor with WFP, by e-mail, to represent Mr. Tyrrell and his wife, Kathleen Tyrrell, in connection with their forthcoming offer to purchase the Property from the Bechers.

8. That same day, February 27, 2016, Mr. Tyrrell, on behalf of himself and his wife transmitted an email the body of which contained an expression of interest to the purchase Property.

9. The "letter of intent" was cursory in nature and was contained entirely in the body of an email and was not in the form of an attachment to the email.

10. My Tyrrell later increased his offering price.

11. The following day, Ms. Hatfield received from Ms. Koehler and forwarded to Mr. Tyrrell an email indicating that the Sellers were "countering at $2,100,000 with settlement on May 16, 2016."

12. Mr. Tyrrell responded to Ms. Hatfield's e-mail at 3:11 p.m. on February 28, 2016 (the "3:11 E-mail").

13. The 3:11 E-mail was originated by Mr. Tyrrell and did not identify any other persons by name; however, it stated that "*[w]e* will accept the seller's counter . . . ." [emphasis added]. Upon information and belief, the "we" refers to James E. Tyrrell, Jr. and to Kathleen Anita Tyrrell.

14. The 3:11 E-mail stated that Tyrrell's acceptance was expressly "*subject to* the execution of an appropriate written contract." [emphasis added].

15. The following day, February 29, 2016, Ms. Hatfield communicated to Mr. Tyrrell the Sellers' concerns and three outstanding questions: (1) the amount of the earnest money

3232796v.5

deposit (for which she suggested 5-10%); (2) the place of the settlement; and (3) the time frame for inspections. Mr. Tyrrell confirmed receipt of the e-mail but did not respond to the questions posed therein.

16. In a follow-up e-mail on February 29, 2016, Mr. Tyrrell informed Ms. Hatfield that he had forwarded the Broker Agreement and the "*draft* Contract" to his attorney [emphasis added].

17. With no written contract or further memorialization of the terms of a proposed agreement between Mr. Tyrrell and the Sellers, and with an offer from a different, prospective purchaser having been submitted, on February 29, 2016, at 11:47 p.m., Ms. Hatfield sent an e-mail to Mr. Tyrrell stating "I think it is important we get your written *offer* on the standard DC contract with an earnest money check delivered to the listing agent as soon as possible" [emphasis added].

18. Eleven minutes later, in his response to Ms. Hatfield, Mr. Tyrrell noted "we believe we have an agreement with the sellers . . . . *I am prepared to sign the contract* and pay a deposit tomorrow." [emphasis added].

19. The Sellers advised that that they were discontinuing negotiations with Mr. Tyrrell.

20. Mr. Tyrrell authored a letter on March 5, 2016 articulating his position that the 3:11 E-mail formed a valid and enforceable contract with the Sellers for the purchase and sale of the Property

21. Mr. Tyrrell maintains that position notwithstanding that no written contract was ever executed by the Sellers, that there was no negotiation, let alone agreement, on major issues associated with real estate contracts (such as inspection contingencies, conditions precedent, and

default provisions), that no earnest money deposit was ever paid, and, significantly, by his own words, the 3:11 E-mail which supposedly conferred rights upon Mr. Tyrrell was "*subject to* the execution of an appropriate written contract." [emphasis added].

22. The Sellers have disclosed the existence of Mr. Tyrrell's claim to prospective purchasers and title companies, believing that full disclosure is the better course of action, if not required.

23. Mr. Tyrrell's asserted claim has resulted in insurers declining to offer title insurance. The inability of the Sellers to contractually warrant that "title is to be good and marketable, and insurable by a licensed title insurance company with no additional risk premium", language that is standard in real estate contracts in the District of Columbia, makes the Property impossible to sell, as a practical matter.

24. Mr. Tyrrell's asserted claim has made an otherwise willing, prospective purchaser anxious and unwilling to enter into a contract for the Property for fear that a closing would be delayed or completely impossible due to the unavailability of title insurance.

25. There has been no communication from Mr. Tyrrell for three (3) weeks, despite repeated communication from the Sellers' counsel.

26. Without a court declaration of the absence of rights on the part of Tyrrell, the Sellers are unable to sell the Property and damages to Sellers are in excess of Seventy-Five Thousand ($75,000.00) Dollars.

**COUNT I**
**(Declaratory Judgment)**

27. The Bechers repeat and reallege each of the allegations in paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28. The communications to which Mr. Tyrrell was a party between February 27 and February 29, 2016 (herein "Tyrrell Communications") do not form a contract for the purchase and sale of the Property.

29. The Tyrrell Communications fail to include the material terms required for the formation of a contract for the sale of real estate in the District of Columbia.

30. The Tyrrell Communications do not satisfy the requirements of the Statute of Frauds under the laws of the District of Columbia as set forth in 28 D.C. Official Code § 28-3502 in that the communications do not identify the identity of the sellers, the address of the Property or even the identity of the purchasers. While the 3:11 E-mail was originated by Mr. Tyrrell, it includes neither a handwritten nor digital signature. The 3:11 E-mail simply ends with the word "Jim" but, in the body of the email, he states "*we* will accept the seller's counter . . . ." (emphasis added).

31. The Bechers are being injured by Mr. Tyrrell's assertion that he and his wife have some rights to purchase the Property.

32. The Bechers' injury can only be redressed by the requested relief: a declaratory judgment that Mr. Tyrrell has no rights to the Property. Without the requested relief, they are precluded from selling the Property and will suffer economic harm.

33. There exists an actual controversy of a justiciable issue between the Bechers and the Tyrrells within the jurisdiction of this Court, involving the rights and liabilities of the parties.

34. Antagonistic claims are present between the parties. These claims indicate imminent and inevitable litigation.

35. A declaratory judgment by this Court will terminate this controversy.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, Charles D. Becher and Linda D. Becher, respectfully request the Court enter judgment as follows:

a. Adjudicating and determining the rights and duties of the parties with respect to the Property;

b. Adjudicating and declaring that the Bechers have not entered into a contractual relationship with the Tyrrells with respect to the purchase and sale of the Property;

c. Adjudicating and declaring that the Bechers have no contractual duties or obligations to the Tyrrells with respect to the Property;

d. Adjudicating and declaring that the Tyrrells have no rights in and to the Property and no claim against the Bechers;

e. Awarding the Bechers such other and further relief that the Court deems just and proper.

Dated: March 31, 2016

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

By: _____
Roy L. Kaufmann (Bar No. 252858)
Jackson & Campbell, P.C.
1120 20th Street NW #S-300
Washington, DC 20036
(202) 457-6710 – phone
(202) 457-1678 - facsimile
Rkaufmann@jackscamp.com

*Counsel for Plaintiffs*

3232796v.5